UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERSKINE L.T. ALLEN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | Civil Action No: SA-07-CA-0155-XR |
| | ) | |
| NATHANIEL QUARTERMAN, | ) | |
| Director, Texas Department | ) | |
| of Criminal Justice, | ) | |
| Correctional Inst. Division | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed June 11, 2007, and the Petitioner's objections to the Magistrate Judge's recommendation. The Court accepts the recommendation and dismisses the case and any pending motions.

When a party objects to the Magistrate Judge's Report and Recommendation, the Court is required to conduct a *de novo* review. Such review means the Court will examine the entire record and make an independent assessment of the law. In this case, the Petitioner objected to portions of the Magistrate Judge's recommendation, so the Court has conducted a *de novo* review of those portions.

1

## FACTUAL BACKGROUND

Petitioner is currently serving a ninety-nine (99) year sentence in TDCJ-CID based on his conviction for aggravated rape.  On March 28, 2006, Petitioner was found guilty of possessing crack cocaine in disciplinary case no. 20060196955.  Petitioner initiated and completed the two-step grievance procedure through the TDCJ-CID and then filed a petition for writ of habeas corpus under 28 U.S.C § 2254 (persons in state custody) on February 21, 2007.  On June 11, 2007, United States Magistrate Judge John Primomo recommended denial of the habeas petition. Petitioner filed objections to the Magistrate Judge's recommendation on June 25, 2007.

Petitioner's habeas petition alleges denial of due process and findings predicated upon insufficient evidence in the disciplinary hearing.  His claims are based on 1) a lack of reasonable accommodation for his hearing impairment, 2) allegations that the disciplinary hearing officer (DHO) was not neutral and detached, 3) allegations he was denied the right to present documentary evidence, 4) allegations the evidence relied upon for the finding of guilt was insufficient, 5) allegations that conflicting evidence giving rise to the sanction was conspiratorial, and 6) allegations he was unable to cross-examine the testifying officer during the hearing.

Respondent argues that Petitioner failed to exhaust the administrative process on his claims involving the lack of a neutral and detached DHO, denial of his request to present documentary evidence, and that conflicting evidence establishes a conspiracy to revoke his good time credit.  Respondent urges that, in all claims, Petitioner's punishment comported with due process, evidence was sufficient to support the DHO findings, and that the claims concerning conspiracy based on conflicting evidence, hearing accommodation, and a biased DHO fail to state a cognizable claim for habeas relief.

2

The Magistrate Judge recommended denial of Petitioner's habeas petition based on the non-exhaustion of administrative remedies for certain claims and satisfaction with due process requirements concerning the remainder of the claims.  Petitioner objected to the Magistrate Judge's recommendation to the extent the Magistrate Judge found non-exhaustion of the administrative process barred claims concerning the violation of prison policy leading to a biased DHO, denial of the right to present documentary evidence, and conspiracy or insufficient evidence based on inconsistent reports.  Petitioner further objects to the findings of the Magistrate Judge that due process was satisfied with respect to his claims concerning the accommodation of his hearing impairment and the sufficiency of the evidence.

<u>**ANALYSIS**</u>

***Exhaustion***

Petitioner first objects to the Magistrate Judge's denial of claims based on the lack of exhaustion of his grievance process.[1]  The Magistrate Judge's recommendation states that the claims raised by Petitioner "which were omitted from his Step Two grievance were abandoned and have not been exhausted."[2]  Those claims included the allegations that the DHO was not a neutral and detached party, that Petitioner was denied the right to present documentary evidence, and Petitioner was prejudiced because the evidence conflicted concerning whether the substance was cocaine or crack cocaine.

It is true that a prisoner must pursue his grievance through both steps of the Texas prison

---

[1] Docket 21 at 2-4.

[2] Docket 16 at 4.

system process before the grievance is considered exhausted.[3]  The law, however, appears less than settled as to whether the omission of certain claims from Step One to Step Two in the grievance process automatically renders those claims unexhausted and abandoned.  The Fifth Circuit in *Johnson* articulates that the analysis should focus on whether the "grievance gives officials a fair opportunity to address the problem" in determining the sufficiency of the grievance.[4]  Without deciding whether the Petitioner preserved his claims by fully exhausting the remedial process, the Court notes that the "writ of habeas corpus may be denied on merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."[5]  The claims unaddressed by the Magistrate Judge will be shown to fail on the merits.

### Legal Standards

Petitioner's claims fall into two categories for purposes of analysis.  The first category of claims question whether his interest in the time and benefits affords him a right of due process, and whether due process was accorded to him.  The second category of claims question whether the evidence relied upon was sufficient to exact the penalties imposed on him.

"[W]hen a state creates a good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this

---

[3] Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).

[4] Id. at 517.

[5] 28 U.S.C. § 2254 (b)(2) (2006).

4

state-created right is not arbitrarily abrogated."[6]  The Magistrate Judge's recommendation

acknowledges, and Respondent concedes, that Petitioner has a right of due process in his

disciplinary hearing because his good time credit was taken away.[7]  Petitioner's loss of other

privileges are "merely changes in the conditions of his confinement and do not implicate due

process concerns."[8]  The minimum procedural rights afforded to prisoners in a disciplinary

hearing are "(1) advance notice of claimed violation, (2) a written statement of the fact finders as

to the evidence relied upon and a reason for disciplinary action taken, and (3) an opportunity to

call witnesses and present documentary evidence."[9]  Additionally, if constitutional minima are

met, failure to follow the prison's own policies does not constitute a violation of due process.[10]

Petitioner also challenges the sufficiency of the evidence for the DHO finding.  The Court is

mindful that "federal courts cannot retry every prison disciplinary dispute," but that "the court

may act only where arbitrary or capricious action is shown," which means that "prison

disciplinary proceedings will be overturned only where there is no evidence whatsoever to

support the decision of the prison officials."[11]

---

[6] Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

[7] Docket 16 at 6; Docket 12 at 8-9.

[8] Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

[9] Banuelos v. McFarland 41 F.3d 232, 234 (5th Cir.1995); *see also* Wolff v. McDonnell
418 U.S. 539, 563-567 (1974) (setting forth the due process requirements in prison disciplinary
hearings).

[10] Myers v. Klevenhagen 97 F.3d 91, 94 (5th Cir. 1996).

[11] Reeves v. Pettcox 19 F.3d 1060, 1062 (5th Cir. 1994).

*Petitioner's Claims*

Petitioner claims that his rights were violated because the prison violated its own policy by allowing an involved party to act as the DHO.  This, in and of itself, is insufficient to find a constitutional harm.  Petitioner does not direct the court to an arbitrary or capricious action by the DHO, or any violation of his minimum procedural rights resulting from the DHO not being neutral.[12]  The alleged violation of the prison's policy is insufficient, standing alone, to merit consideration as a due process violation.

Petitioner also argues that he was denied the right to present documentary evidence, specifically the right to have an independent test performed on the substance found under his bunk.  Although Petitioner does have the minimum right to present documentary evidence, that right does not extend to grant him a retest.  The Fifth Circuit does not consider the denial of a drug retest to be a violation of a prisoner's due process rights.[13]   In Petitioner's case, the record demonstrates that his request for independent testing of the substance was not denied.  Thus, even though the DHO could have denied the retest with proper justification,[14] the request was not denied and Petitioner's claim that he was denied the right to present documentary evidence in the form of independent test results is unfounded.

Petitioner further alleges that conflicting reports concerning the exact nature of the substance found gave rise to his sanction, thereby depriving him of his rights.  While it is true

---

[12]  *See* Myers, 97 F.3d at 94 (stating that where constitutional minima are met, a prison official's failure to follow prison policy does not constitute a due process violation).

[13]  Henson v. United States Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000).

[14]  *Id.* (noting that inmate's request for retest may be denied where inmate fails to identify reliability or execution problems with the first test).

that the reports are inconsistent as to whether the substance found beneath his bunk was powder cocaine or crack cocaine, the conflict does not merit reversal of the decision. The proper standard to review the administrative decision is to determine whether there is *some evidence* to support the decision, and the court will act only when the decision was arbitrary or capricious.[15] Here, the field test was positive for cocaine and the March 15, 2006, Darrington Unit report indicates a white powder substance was found under Petitioner's bunk, both of which support the DHO's decision. Officer Warner testified at the hearing that she found crack cocaine under Petitioner's bunk, and she was subject to cross-examination. The fact that the incident reports are inconsistent as to the nature of the substance, crack cocaine versus powder cocaine, is not determinative.

The Magistrate Judge addressed Petitioner's remaining claims: that he was not given a reasonable accommodation for his hearing impairment; that he was unable to cross-examine witnesses; and that the evidence was insufficient to substantiate the penalty.[16] Petitioner appears to object to the recommendation with respect to the reasonable accommodation for his hearing impairment and on grounds of insufficient evidence.[17]

Petitioner's reasonable accommodation argument fails on the merits. The recording of the disciplinary hearing demonstrates that Petitioner actively participated in the hearing with a hearing aid, and information was repeated to him as requested. He gave no indications that he was unable to understand the proceeding. He gave statements for the record, spoke with his

---

[15] *Reeves*, 19 F.3d at 1062.

[16] Docket 16 at 7-8.

[17] Docket 21 at 5-7.

counsel substitute and the DHO, and participated in his defense.  Petitioner does not allege a specific denial of a due process right because of his hearing, and the Court finds it untenable that the lack of another hearing devise or sign interpreter precluded him from calling witnesses or presenting evidence.

Petitioner also objects to the sufficiency of the evidence standard relied upon for the DHO's decision, contending it is improper for this situation.  As previously discussed however, the proper standard is that the Court should not reverse the disciplinary hearing's findings if they are based on *some evidence* and not deemed to be arbitrary and capricious.[18]  Although there may be inconsistencies as to the nature of the drug, there was testimony that cocaine, or crack cocaine, was found under Petitioner's bunk, and the field test was positive for cocaine.  Therefore, the DHO's findings were based on evidence in the record and were not unfounded, arbitrary, or capricious.

Although Petitioner does not object to the Magistrate Judge's findings concerning his ability to cross-examine witnesses, the Court notes that Petitioner, through his counsel substitute, did cross-examine the testifying officer at the disciplinary hearing.  Thus, any such objection would be without merit.

## CONCLUSION

Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation.  Magistrate Judge Primomo's denial of Petitioner's application for habeas relief based on these claims is reasonably supported by the record.  Additionally, Petitioner's Motion to Amend, Alter, Delete

---

[18] *Reeves*, 19 F.3d at 1062.

(docket no. 20) is DISMISSED AS MOOT.[19]

It is so ORDERED.

SIGNED this 19th day of October, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[19] Petitioner filed a Motion to Amend, Alter, Delete on June 21, 2007, requesting to delete certain numbered grounds within his original complaint unresolved by the administrative process.  Petitioner later filed objections to the Magistrate Judge's recommendation on June 25, 2007, challenging the findings with respect to the lack of exhaustion of those claims, causing the Court to consider those claims.  In any event, the Court's order denies those claims on the merits as allowed by 28 U.S.C. § 2254 (b)(2), rendering the Motion to Amend, Alter, Delete moot.